**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 22, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP379**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CV138

**IN COURT OF APPEALS**
**DISTRICT III**

PETITIONER,

    PETITIONER-APPELLANT,

  V.

AMY JEAN TREVINO,

    RESPONDENT-RESPONDENT.

       APPEAL from an order of the circuit court for Lincoln County: ROBERT R. RUSSELL, Judge. *Affirmed*.

       Before Stark, P.J., Hruz and Brash, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Susan[1] appeals an order vacating a temporary restraining order ("TRO") and dismissing her petition for a harassment injunction against Amy Trevino.[2]    Susan argues that the circuit court erred by: (1) concluding that Susan could obtain the same relief in family court; and (2) dismissing the petition under a "de-facto" summary judgment standard.  For the reasons discussed below, we affirm the order.

## BACKGROUND

¶2    Susan filed a petition for a TRO and harassment injunction against Trevino, the ex-wife of Susan's husband.  In an attachment to the petition, Susan alleged:

> Trevino has been harassing, threatening, stalking and attempting to intimidate myself, my husband and our minor children for the last 5 years since I started dating my husband.  She has filed false police reports stating my husband [and] I are the ones behaving this way when in reality it is her. Just yesterday she once again threatened to have me dealt [with].  Due to her consistent actions of stalking me, videotaping myself, my husband [and] our children, threats etc.  I ask the court to give me a temp[orary] restraining order until I can plead my case to the court for a permanent order to protect myself, my husband [and] our children.  I fear for my life, my husband[']s [and] our children[']s due to her actions [and] knowledge she may try to either herself, or through her boyfriend [and/or] associates have us murdered and claim self-defense.

---

[1] Pursuant to WIS. STAT. RULE 809.81(8) (2019-20), we use a pseudonym when referring to the petitioner in this matter.  All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] The TRO was granted by the Honorable Jay R. Tlusty, and the order vacating the TRO and dismissing the petition for a harassment injunction was entered by the Honorable Robert R. Russell.

¶3      On the same day the petition was filed, the circuit court issued an ex parte TRO against Trevino, effective until the time and date of the injunction hearing.  Trevino moved to dismiss the petition, alleging that "despite being admonished in [c]ourt not to initiate contact" with Trevino, Susan drove her husband's and Trevino's children to an exchange point with Trevino.  After a hearing, the court vacated the TRO and dismissed the petition for an injunction hearing.  The court also denied Susan's contemporaneous motion for reconsideration.  This appeal follows.

## DISCUSSION

¶4      To grant a harassment injunction under WIS. STAT. § 813.125, the circuit court must find "reasonable grounds to believe that the respondent has engaged in harassment with intent to harass or intimidate the petitioner." Sec. 813.125(4)(a)3.  Relevant to this appeal, "harassment" means "[e]ngaging in a course of conduct or repeatedly committing acts which harass or intimidate another person and which serve no legitimate purpose."  Sec. 813.125(1)(am)2.

¶5      Whether a respondent engaged in harassment presents a mixed question of fact and law.  *M.Q. v. Z.Q.*, 152 Wis. 2d 701, 708, 449 N.W.2d 75 (Ct. App. 1989).  We will not set aside the circuit court's factual findings unless they are clearly erroneous, *see* WIS. STAT. § 805.17(2), though we independently review the circuit court's conclusion, based on the established facts, as to whether the applicable reasonable grounds exist.  *M.Q.*, 152 Wis. 2d at 708.  Whether to grant an injunction, however, is within the sound discretion of the circuit court, and our review ultimately is limited to whether that discretion was properly exercised.  *Welytok v. Ziolkowski*, 2008 WI App 67, ¶23, 312 Wis. 2d 435, 752 N.W.2d 359.  Our task as the reviewing court is to search the record for reasons to

sustain the circuit court's exercise of discretion. ***Hughes v. Hughes***, 223 Wis. 2d 111, 120, 588 N.W.2d 346 (Ct. App. 1998).

¶6      On appeal, Susan argues that the circuit court erroneously exercised its discretion by vacating the TRO and dismissing the matter on grounds that Susan could obtain protection in a concurrent family court proceeding to which she is not a party.  While it is true that Susan is not a named party in the family court action, the circuit court's decision reflects a more nuanced discussion of the family court's possible impact on the present matter.  The court's discussion of the family court proceeding was part of a larger discussion regarding the substantive allegations Susan made and the protections ultimately sought.

¶7      At the hearing on Trevino's motion to dismiss, Trevino asserted that if, as Susan alleged, she was in fear for her life because of Trevino, she should not have come to the child exchanges.  Trevino further argued it was unfair for Susan to place Trevino in jeopardy of arrest for violating the TRO by causing contact between the two of them.  According to Trevino, Susan was using the TRO as a sword rather than a shield and, in effect, baiting Trevino to violate the TRO. Emphasizing the "vagueness" of the allegations made in Susan's petition for a harassment injunction, Trevino also argued that she should not be subjected to the fear of arrest when Susan has not shown a "course of conduct" justifying a harassment injunction.

¶8      In vacating the TRO and dismissing the petition, the circuit court noted that a family court order requiring the parties to remain in their vehicles during child exchanges protected the parties from situations that give rise to the filing of civil cases.  The court further noted that "many of the issues that have been brought to the [c]ourt's attention today have either been dealt with in family

court or will be dealt with in family court very soon." The court recognized, however, that the family court order did not necessarily protect the parties from a TRO, and it did not know what would have happened to Trevino if Susan had called law enforcement at the exchange point. The court nevertheless recounted that in Susan's pre-hearing motion for a continuance to complete discovery, Susan conceded that if the family court could provide a mechanism—such as an anti-harassment provision that would prevent all but "legitimate" communication between her and Trevino—she "would feel secure."

¶9    Having considered the petition, the motion to dismiss, Susan's own conduct, and the concession made in her pre-hearing motion, the circuit court concluded that "these are issues that can be addressed in family court." The court added that an injunction was not necessary to protect Susan from the conduct described in the petition. To that end, the court noted the "very general" allegations made in Susan's petition, commenting that "if there was any merit to these allegations contained in the petition that [Susan] would not have gone to these exchanges without another adult present." Thus, it appears that the court, in effect, reversed the original decision to grant the TRO because the allegations in the petition were poorly pled (and no greater support had been provided subsequent to its filing).

¶10 As recounted by Trevino in her brief, Susan was told to amend her pleading at a November 21, 2018 hearing, but the petition was never amended.[3] Furthermore, many of the vague allegations of harassment involved individuals other than Susan. With respect to Susan's claims of false police reports, those are issues for the police to resolve. Moreover, those allegations involving Susan's husband and their children would be best handled in the family court proceeding. Based on the record, we conclude the court reasonably determined that Susan's vague allegations, to the extent they applied to her, were insufficient to support her claim for a harassment injunction.

¶11 Susan alternatively contends that the circuit court erred by dismissing the petition under a "de facto" summary judgment standard. At the outset of the hearing on the motion to dismiss, Susan's counsel questioned whether witness testimony was necessary, as Susan conceded that she "show[ed] up for one or two exchanges on behalf of" her husband. The parties, therefore, agreed to make offers of proof, with Trevino's counsel adding that "if someone wants testimony I can put it on." Thus, even assuming the circuit court utilized a "de facto" summary judgment standard and erred by doing so, Susan invited the error. Therefore, we will not review it. *See **Binsfeld v. Conrad***, 2004 WI App 77, ¶26, 272 Wis. 2d 341, 679 N.W.2d 851.

---

[3] Susan does not dispute this claim, and the transcript of the November 21, 2018 hearing is not in the record. It was Susan's responsibility, as the appellant, to provide this court with a record sufficient to allow review of the issues raised, including any necessary transcript. *See **Butcher v. Ameritech Corp.***, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546 (2006). We assume that any missing transcript would support the circuit court's findings of fact and discretionary decisions. *See **Fiumefreddo v. McLean***, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.